UNITED STATES DISTRICT COURT
FOR THE SOUTERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TERRON BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 4:20-cv-03981 |
| ) | |
| KBR, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TERRON BROWN ("Plaintiff" or "Brown") and files his complaint against Defendant, KBR, INC. ("Defendant" or "KBR") and in support he states the following:

### NATURE OF THE ACTION

1.  This is an action for monetary damages and injunctive relief, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Texas Commission on Human Rights Act, 1.3.3 Article 5221K, *et seq.* ("TCHRA") to redress Defendant's unlawful employment practices against Plaintiff including discrimination, harassment, and retaliation because of his disability, and for exercising, or attempting to exercise, his rights under the FMLA leading to Plaintiff's unlawful termination.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and the FMLA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen of the United States and at all times material his primary residence was in Harris County, Texas.

6. Defendant, KBR is a foreign for-profit corporation with its principal place of business in Houston, Texas.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On or about June 24, 2020, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWCCRD"), satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

10. Plaintiff's charge was filed within one hundred and eighty days after the unlawful employment practices occurred.

11. On August 25, 2020, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12. This complaint was filed within ninety (90) days of the EEOC's issuance of the Dismissal and Notice of Rights

## FACTUAL ALLEGATIONS

13. Plaintiff is a disabled male and/or was perceived as disabled by Defendant.

14. On or about December 28, 2016, Plaintiff began working for Defendant as a Billeting Technician.

15. Plaintiff maintained an exemplary work record devoid of discipline.

16. On or about December 16, 2019, Plaintiff returned home to Texas from his station at the Al-Asad air base in Iraq for Rest and Recuperation ("R&R Leave").

17. Plaintiff's R&R Leave was scheduled from December 16, 2019 through January 13, 2020.

18. While in Iraq, Plaintiff suffered from prolonged irritation and redness from the outer portion of his eye to the cornea and obscured vision. Plaintiff's condition impacted his major life activity of seeing.

19. Immediately upon his return to Texas, Plaintiff scheduled a visit with an Optometrist, Dr. Michele Quintero, OD, for December 20, 2019.

20. Dr. Quintero recommended lab work for diagnostic purposes as Plaintiff's condition could be indicative of several severe medical conditions.

21. On or about January 8, 2020, Plaintiff got the recommended lab work done.

22. On or about January 10, 2020, Dr. Quintero informed Plaintiff that she had to wait on the lab results to get a formal diagnosis and release him to return to work.

23. Plaintiff immediately notified Jan-ett Little (Sr. HSE Specialist), Jeannette Kaminski Little (Sr. HSE Specialist), and KBR Human Resources at Al-Asad that he would not be able to return from leave as originally scheduled due to the outstanding laboratory results.

24. Plaintiff sought advice on proceeding as he had to wait on his results.

*25.* Ms. Kaminsky sent Plaintiff an email stating, "Please do not return to the project without being cleared by the Medical Director. You are due back on the project on January 13, 2020. In order for Medical leave to be requested, you must provide proper medical documentation from your doctor, which should contain a diagnosis, treatment plan and an approximate date you will be released to return to work. Without proper medical documents, no medical leave will be requested or approved. Please scan or have the doctor to fax the information to us to the fax number in my signature.

26. After a brief back and forth regarding travel, Plaintiff replied to Ms. Kaminsky via email and stated, "Will do, and as soon as lab work gets in and I'm cleared I'll send over the paperwork to you. Thank you."

27. Plaintiff met all requirements for protected medical leave under the FMLA as he had been employed with Defendant for more than twelve months and had worked more than 1,250 hours during the twelve months prior to the start of his leave.

28. Defendant did not discuss FMLA leave with Plaintiff or offer to place him on leave under the FMLA.

29. Defendant has a 72-hour notification policy which requires employees that are unable to return from leave as scheduled to provide at least seventy-two hours' notice. Plaintiff timely notified Defendant that he would not be able to return from leave as scheduled.

30. Plaintiff did not hear from Defendant for two weeks while he waited for his lab results.

31. On or about January 27, 2020, Defendant's Human Resources Department contacted Plaintiff and requested a doctor's note to justify his absence.

32. That same day, Plaintiff provided the requested doctor's note and informed Human Resources that his return-to-work documentation was forthcoming.

33. On or about February 3, 2020, Plaintiff provided his return to work documentation to Defendant and received confirmation of receipt from Ms. Kaminsky.

34. On or about February 4, 2020, Defendant's Medical Director requested additional information in order to release Plaintiff to return to work.

35. Plaintiff provided the requested additional documentation the following day.

36. On or about February 7, 2020, Plaintiff received confirmation that Defendant's Medical Director had cleared him to return to work.

37. The day after Defendant informed Plaintiff he was cleared to return to work Defendant notified Plaintiff he was being terminated for failing to return from R&R Leave on January 13, 2020.

38. Plaintiff immediately appealed his termination.

39. The following day, on or about February 9, 2020, Plaintiff's termination was upheld by the Task Order Manager.

40. Plaintiff then engaged Defendant's Dispute Resolution Program and fully cooperated; however, his termination was upheld.

41. Plaintiff's termination has caused great financial hardship to Plaintiff.

42. Plaintiff has been damaged by Defendant's illegal conduct.

43. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Discrimination in Violation of the ADA**

44. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-43 above.

45. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

46. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

47. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his medical condition regarding discharge, employee compensation, and other terms, conditions, and privileges of employment.

48. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

49. Defendant intentionally discriminated against Plaintiff based on his medical condition.

50. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

51. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count II: Retaliation in Violation of the ADA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

53. Plaintiff engaged in protected activity under the ADA while employed by Defendant.

54. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

55. Defendant's conduct violated the ADA.

56. Defendant intentionally retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

57. Defendant's conduct violates the ADA.

58. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

59. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

60. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: FMLA Retaliation

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

62. Plaintiff was an employee eligible for protected leave under the FMLA.

63. Defendant is and was an employer as defined by the FMLA.

64. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

65. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

66. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

67. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count IV: FMLA Interference

68. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

69. Plaintiff was an employee eligible for protected leave under the FMLA.

70. Defendant is and was an employer as defined by the FMLA.

71. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

72. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

73. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

74. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count V: Disability Discrimination in Violation of the TCHRA

75. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-43 above.

76. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the TCHRA.

77. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

78. Defendant is prohibited under the TCHRA from discriminating against Plaintiff because of his medical condition with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

79. Defendant violated the TCHRA by unlawfully terminating and discriminating against Plaintiff based on his medical condition.

80. Defendant intentionally discriminated against Plaintiff based on his medical condition.

81. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the TCHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

82. Defendant's unlawful conduct in violation of the TCHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of his civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### **Count VI: Retaliation in Violation of the TCHRA**

83. Plaintiff re-alleges and adopts, as it fully sets forth herein, the allegations stated in Paragraphs 1-43 above.

84. Plaintiff engaged in protected activity under the TCHRA while employed by Defendant.

85. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

86. Defendant's conduct violates the TCHRA.

87. Defendant's discriminatory conduct, in violation of the TCHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

88. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

89. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling him to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:
*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper

Texas Bar Number: 24090213
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*